[Civ. No. 3487. Fourth Dist. Mar. 1, 1948.]

TRUMAN A. COLWELL, Appellant, v. JOY JONES, Respondent.

Louis J. Euler for Appellant.

Best, Best, Gabbert & Krieger for Respondent.

BARNARD, P. J.—This is an action for damages for malicious prosecution. The parties occupied adjoining "farming" premises within the city limits of Corona. Mrs. Jones lived alone with her daughter and for some 15 months had kept a dog. About 5 o'clock in the morning of the day in question

Mrs. Jones and her daughter left the house to do some "chores" and released the dog which had been tied up during the night. A few minutes later they heard a shot from the direction of the plaintiff's house and then saw the dog come limping home. Shortly thereafter, the plaintiff told the respondent that he had intentionally shot the dog because it had been under his rabbit hutches.

Later that morning the city poundmaster came to dispose of the dog's remains. When he was told what had occurred he informed Mrs. Jones that there was an ordinance against shooting within the city, and advised her to see the city judge. She did so, and the judge read to her a city ordinance making it unlawful for any person to shoot a firearm within the city limits except "in necessary self defense, or in the performance of official duty." The judge then asked her "That is what you want to do isn't it" and when she replied in the affirmative he directed her to the police department for the issuance of the complaint. At the police department she met the city attorney who drew the complaint and a warrant was issued. The plaintiff was arrested and held at the police department for about an hour, when he was released on bail. Thereafter, he was tried before the city judge and was acquitted of the charge.

The plaintiff then filed this action, seeking damages in the sum of $15,315. The trial court found in all respects in favor of the defendant, and the plaintiff has appealed from the judgment.

It is conceded that a criminal proceeding was instituted by the respondent which terminated in favor of the appellant. The material questions raised on this appeal involve the remaining elements of such an action as this, absence of probable cause and malice. ■ It is well settled that in such an action the burden is upon the plaintiff to prove both of these elements; ■ that the malice required must be actual malice, involving the attitude of mind of the person who initiated the prosecution; ■ and that probable cause depends upon the existence of such facts, as then known to the party bringing the charge, which would naturally create in the mind of a reasonable person the honest belief that a crime has been committed. *(Richter* v. *Neilson,* 11 CalApp.2d 503 [54 P.2d 54].)

The appellant here contends that the evidence is not sufficient to support the court's findings to the effect that there-

was probable cause for this arrest and that the respondent was not actuated by malice. Relying on conflicting portions of the evidence, he contends that there was a lack of probable cause and malice because the respondent knew that this dog was vicious and destructive, that it had attacked newsboys and children, including the plaintiff's grandchild, and that it had killed rabbits; that by reason of this knowledge she knew that he had shot the dog in lawful defense of his property and the protection of his family; and that it follows that she acted maliciously and without probable cause in having him arrested. While long portions of the testimony are set forth in appellant's briefs most of the matters relied on happened months before, have doubtful materiality to the question at issue, and are not sufficiently shown to have been known to the respondent. On the other hand, there is plenty of evidence which would justify a finding that the respondent did not know that the dog was vicious, if it was, and that she did not know that it had ever killed rabbits. It does appear that on one occasion, some months before, the respondent learned that the dog had knocked down the appellant's 3-year-old granddaughter, that she inquired about it and was told by a member of the appellant's family that no serious damage had been done.

On the issue of probable cause there is evidence that on this morning the respondent heard the sound of a shot coming from the appellant's premises; that the injured dog immediately came from that direction; that shortly thereafter the appellant told her that he had intentionally shot the dog because it was under his rabbit hutch; that the respondent's daughter told her that she saw the gun at appellant's house shortly after the shooting; that the poundmaster informed the respondent of the ordinance and advised her to see the city judge; that the city judge read the ordinance to her and, in effect, advised her to proceed; that she then went to the police department and talked to the city attorney; and that he prepared the complaint. There can be no question that this evidence was sufficient to disclose probable cause for believing that this ordinance had been violated.

The issue of malice finds no support from any absence of evidence of probable cause. There is no evidence which would clearly indicate the existence of malice on the part of the respondent. It appears that she acted only after being informed of the existence of this ordinance by the pound-

master and it is a fair inference from the evidence that she then acted very largely on the advice of several city officials, including the city attorney. The appellant himself testified that there had never been any ill feeling between him and the respondent prior to the day of the shooting, and that nothing was said in his conversation with her that day which indicated that she had any ill feeling toward him. The respondent testified, as to why she brought the charge, that she lived alone with her daughter and that they needed a dog for their protection; that they would have to get another dog; that the dog and other animals might get loose and go upon the appellant's property; that she wanted some assurance that the appellant was not going to be shooting; and that she felt that perhaps the appellant did not know of the ordinance and should be reminded of it by someone who had authority. The daughter testified that she and her mother talked the matter over and decided that their place would be safer for themselves and their livestock, in case any of the animals ever got out, if the appellant were reminded of the city ordinance and "so my mother went to see the Judge." Assuming that any conflicting inferences might have been drawn from the evidence the record sufficiently supports the finding made.

It is further contended that malice clearly appears because the respondent did not relate the full facts to the city judge but told him the dog had been shot for the reason that it "had been over on the man's premises underneath the rabbit hutch." It is argued that she did not tell the truth and concealed the fact that the dog had been previously vicious and destructive. Not only is the evidence conflicting as to her knowledge of any such fact, but she told the judge exactly what the appellant told her, a few minutes after the shooting, was his reason for shooting the dog. Even the appellant, in his testimony, did not claim that he had ever given the respondent any other reason, his version being that he had told her that " he had been after my rabbits and chickens."

Not only were the issues raised entirely questions of fact, but the record confirms the court's view of the evidence and indicates that the remedy most beneficial to the appellant would be a change in his own mental attitude.

The judgment is affirmed.

Griffin, J., concurred.